IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>MIGUEL ANGEL ROSAS-RAMIREZ<br>AND EDUARDO ESTRADA MEDINA | Criminal Action No.<br><br>2:17-CR-23-RWS-JCF |

**Pre-Hearing Brief for Rule 44 Conflict of Interest Hearing**

The United States of America, by John A. Horn, United States Attorney, and Jennifer Keen, Assistant United States Attorney, for the Northern District of Georgia, files this brief in advance of the conflict of interest hearing being held pursuant to Federal Rule of Criminal Procedure 44 to highlight some of the relevant case law as it pertains to the instant case and defendants.

## 1. Procedural Posture

ATF agents arrested both Defendants, Miguel Angel Rosas-Ramirez and Eduardo Estrada Medina, on the same day, June 6, 2017, after observing Rosas-Ramirez buy a gun and deliver the gun to Medina, and after discovering additional firearms purchased by Rosas-Ramirez and methamphetamine in Medina's residence. *See* Doc. 1. The government charged both Defendants by way of a complaint with firearms and drug charges. Doc. 1. On June 7, 2017, the Court appointed Judy Fleming from the Federal Defender Service to represent Rosas-Ramirez, and Graham McKinnon from Fox, Chandler, Homan, Hicks &

McKinnon to represent Medina, at the initial appearance on the complaint. Docs. 4, 5.

On June 19, 2017, the Court held a preliminary hearing at which Ms. Fleming represented Rosas-Ramirez and Mr. McKinnon represented Medina. Doc. 7.

On June 27, 2017, a federal grand jury in the Northern District of Georgia returned an indictment charging Rosas-Ramirez and Medina with various firearms and drug related offenses. Doc. 9. Specifically, Rosas-Ramirez was charged with alien in possession of firearms, in violation of 18 U.S.C. § 922(g)(5), unlawful dealing in firearms, in violation of 18 U.S.C. § 922(a)(1)(A), false claim to United States citizenship, in violation of 18 U.S.C. § 911, and 18 counts of false statements to a licensed gun dealer, in violation of 18 U.S.C. § 922(a)(6). Doc. 9. Medina was charged with alien in possession of firearms, in violation of 18 U.S.C. § 922(g)(5), illegal re-entry by an aggravated felon, in violation of 8 U.S.C. § 1326, possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841, possession of a firearm in furtherance of a drug trafficking activity, in violation of 18 U.S.C. § 924(c), possession of an unregistered silencer, in violation of 26 U.S.C. § 5861(d), and felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). Doc. 9.

At the arraignment on July 10, 2017, the government provided Rule 16 discovery to Ms. Fleming and Mr. McKinnon for their respective clients. Docs. 15, 16. On July 14, 2017, Victor Arana, an attorney based in Texas, applied for permission to enter an appearance *pro hac vice* on behalf of Medina, which the Court approved on July 21, 2017. Docs. 18, 21. Mr. McKinnon remained on the

record as Medina's local counsel. *See* Docs. 18, 20. Attorney Blake Poole, also from Fox, Chandler, Homan, Hicks & McKinnon, entered an appearance on behalf of Rosas-Ramirez on July 28, 2017. Doc. 22.

## 2. Federal Rule of Criminal Procedure 44

Joint representation occurs when two or more defendants have been charged jointly, and are represented by the same counsel, or counsel who are associated in law practice. Fed. R. Crim. P. 44(c)(1). Here, Rosas-Ramirez and Medina have been charged jointly in the instant case, and are represented by counsel from the same practice – Fox, Chandler, Homan, Hicks & McKinnon. Thus, the Court "must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to effective assistance of counsel…." Fed. R. Crim. P. 44(c)(2).

A hearing is currently scheduled for August 25, 2017. Runner Doc. 23. At the hearing, this Court

> should address each defendant personally and forthrightly advise him of the potential dangers of representation by counsel with a conflict of interest. The defendant must be at liberty to question the [] court as to the nature and consequences of his legal representation. Most significantly, the court should seek to elicit a narrative response from each defendant that he has been advised of his right to effective representation, that he understands the details of his attorney's possible conflict of interest and the potential perils of such a conflict, that he has discussed the matter with his attorney or if he wishes with outside counsel, and that he voluntarily waives his Sixth Amendment protections. It is, of course, vital that the waiver be established by 'clear, unequivocal, and unambiguous language.'

*United States v. Garcia*, 517 F.2d 272, 278 (5th Cir. 1975).

Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take the appropriate measures to protect each defendant's right to counsel. Fed. R. Crim. P. 44(c)(2).

**3.  Relevant Case Law**

The Sixth Amendment guarantees a defendant's right to effective assistance of counsel. U.S. Const. Amend. VI. This constitutional right is violated when a defendant's counsel has an actual conflict of interest that affects the defendant adversely. *United States v. Rodriguez*, 982 F.2d 474, 477 (11th Cir. 1993). A defendant may waive his right to conflict-free counsel. *Garcia*, 517 F.2d at 276. In order to be valid, a waiver must be knowing, intelligent, and voluntary. *Id.*

While a defendant's right to counsel of choice is important, it is not absolute. *Wheat v. United States*, 486 U.S. 153,159 (1988); *United States v. Garrett*, 727 F.2d 1003 (11th Cir. 1984).  "The need for fair, efficient, and orderly administration of justice overcomes the right to counsel of choice where an attorney has an actual conflict of interest."  *United States v. Ross*, 33 F.3d 1507, 1523 (11th Cir. 1994). Potential conflicts of interest also may overcome the right to counsel of choice. *Id.* (citing *Wheat*, 486 U.S. at 164). Courts are afforded broad discretion in considering whether an attorney's conflicts of interest can be waived by a defendant. *United States v. McCutcheon,* 86 F.3d 187, 189 (11th Cir. 1996). Courts can refuse a waiver of conflict by a defendant not only where there is an actual conflict, but where there is a potential conflict. *Wheat,* 486 U.S. at 163. This is because the judiciary has an independent interest in ensuring and maintaining

the integrity of our judicial system by ensuring that criminal trials are conducted within ethical standards and appear fair to all who observe them. *United States v. Scott*, 2007 U.S. Dist. LEXIS 53384, *8, 2:05-CR-10-WCO (N.D.Ga. July 24, 2007). That a defendant does not have an absolute right to counsel of his choice is also rooted in the rules of professional conduct for lawyers. In Georgia, a defendant may not waive a conflict of interest if the representation "involves circumstances rendering it reasonably unlikely that the lawyer will be able to provide adequate representation to one or more of the affected clients." Ga. R. Prof. Con. 1.7(c).

Moreover, in cases involving co-defendants, both defendants must waive the conflict. *See United States v. Campbell*, 491 F.3d 1306, 1312 (11th Cir. 2007) (noting that the absence of a waiver by a co-defendant/conspirator presents a stronger case for disqualification); *McCutcheon,* 86 F.3d 187, 189 (11th Cir. 1996) (declining to find error when the trial court refused to accept the defendant's conflict waiver because the co-defendant whom the defendant's lawyer had previously represented did not waive the conflict and the ethical responsibility of the defendant's attorney to the co-defendant deserved the court's protection).

In determining whether to disqualify defense counsel, the court must balance two Sixth Amendment rights: 1) the defendant's right to be represented by counsel of choice; and 2) the defendant's right to a defense conducted by an attorney who is free from conflicts of interest.  *Wheat*, 486 U.S. at 160-161.  A conflict of interest exists where there is a significant risk that the lawyer's own interests or the lawyer's duties to another client, a former client, or a third person would materially and adversely affect the representation of the client. Ga. R.

Prof. Con. 1.7(a). Lawyers associated in a firm shall not represent a client when any one of them practicing alone would be prohibited from doing so. Ga. R. Prof. Con. 1.10(a); *Ross*, 33 F.3d at 1522 (if one attorney has a conflict, the conflict is imputed to all attorneys in the firm, subjecting the firm to disqualification).

In the instant case, Rosas-Ramirez and Medina are currently represented by counsel from the same law firm, thus presenting an actual conflict of interest. At the upcoming hearing, the Court must advise both defendants of the conflict of interest and their right to have conflict-free counsel. Both Defendants must knowingly, voluntarily, and intelligently waive the conflict.

Even if Mr. McKinnon were to withdraw from being local counsel, and withdraw from aiding Mr. Arana's representation of co-defendant Medina, there would still be a potential conflict of interest requiring a valid waiver from both Defendants because Mr. McKinnon's knowledge of the case is extensive, having met with Medina, represented him at a preliminary hearing, and received Rule 16 discovery from the government. Mr. McKinnon would still owe a duty to Medina as a former client. Ga. R. Prof. Con. 1.9. Mr. McKinnon cannot thereafter represent Rosas-Ramirez. And if Mr. McKinnon cannot represent Rosas-Ramirez, partners from is law firm, like Mr. Poole, cannot either. Ga. R. Prof. Con. 1.10(a); *Ross*, 33 F.3d at 1522 (if one attorney has a conflict, the conflict is imputed to all attorneys in the firm, subjecting the firm to disqualification).

Having not heard from defense counsels or Defendants, it is premature to say whether this is a waivable or non-waivable conflict.  However, the courts have broad discretion to determine what conflicts are non-waivable. For example, in

6

*United States v. Hernandez*, defendant Hernandez was represented by attorney Rosen. 2013 U.S. Dist. LEXIS 134860, *2 (S.D.Fla. Sept. 20, 2013). Rosen had previously represented co-defendant Tolon in an unrelated matter. *Id.* at *4. The government moved to disqualify Rosen from representing Hernandez because of his prior representation of co-defendant Tolon. *Id.* at *5. Rosen argued against disqualification by insisting that Tolon never communicated any information to him that could be used against Hernandez during his prior unrelated matter, and that Hernandez waived any potential conflict. *Id.* at * 6. The district court held that attorney Rosen must be disqualified despite no actual conflict because of the potential for conflicts and because of the appearance of impropriety. *Id.* at *14-15.

Though this case involves two lawyers from the same firm and not one lawyer representing co-defendants, it is still instructive because it shows that it is not abundantly clear that there would be no actual or potential conflict of interest if Mr. McKinnon were to withdraw from case, and even if he had not communicated any knowledge of the case to Mr. Poole. This Court should not only determine whether there is an actual or potential conflict, whether both Defendants want to waive any actual or potential conflict, but also whether there would be an appearance of impropriety.

7

## Conclusion

Both Rosas-Ramirez and Medina must knowingly, voluntarily, and intelligently waive the conflict of interest stemming from their counsels coming from the same law firm. Courts have the authority to refuse a valid waiver to protect the integrity of the judicial system and ensure that all criminal trials are fair.

Respectfully submitted,

JOHN A. HORN
   *United States Attorney*

/s/JENNIFER KEEN
   *Assistant United States Attorney*
Georgia Bar No. 231778
Jennifer.Keen@usdoj.gov

600 U.S. Courthouse, 75 Ted Turner Drive S.W., Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

8

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

> Victor Arana, counsel for Defendant Medina
>
> Graham McKinnon, counsel for Defendant Medina
>
> Judy Fleming, Federal Defender Practice, counsel for Defendant Rosas-Ramirez
>
> Blake Poole, counsel for Defendant Rosas-Ramirez

August 11, 2017

> /s/ JENNIFER KEEN
> _____
>
> JENNIFER KEEN
>
> *Assistant United States Attorney*