IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.

MIGUEL ROSAS RAMIREZ

CRIMINAL ACTION NO.
2:17-CR-023-01-RWS

## SENTENCING MEMORANDUM AND REQUEST FOR REASONABLE SENTENCE

COMES NOW, the Defendant, MIGUEL ROSAS RAMIREZ, by and through undersigned counsel, and respectfully asks this Court to grant Mr. Rosas a downward variance and impose a sentence of 36 months in this case at the sentencing hearing scheduled on Friday, February 2, 2018 beginning at 11:30 a.m.. In support of this request, Mr. Rosas shows as follows:

## I.      Guideline Calculations

The PreSentence Report ("PSR") calculates the Total Offense Level at 25 and Criminal History Category I, for an applicable guideline range of 57 to 71 months (P. 23).

## I.      The Sentencing Factors and a Reasonable Sentence

Taking into consideration Mr. Rosas, the individual circumstances of his case, and the sentencing factors in 18 U.S.C. § 3553(a), a reasonable sentence of 36

1

months is more than sufficient but not greater than necessary to achieve the goals of 18 U.S.C. § 3553(a) in this case.

The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the defendant, and (D) to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines range; (5) pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; (7) and the need to provide restitution to victims.  See 18 U.S.C. § 3553(a)(1)-(7).

> a. **18 U.S.C. § 3553(a)(2)(A): the Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense.**

Mr. Rosas is requesting a reasonable sentence of 36 months in this case.  As is more fully explained below such a sentence is more than sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

**b. 18 U.S.C. § 3553(a)(1): the History and Characteristics of Mr. Rosas and the Nature and Circumstances of the Offense.**

Mr. Rosas is 25 years old. He was born in Mexico and brought by his family to the United States when he was 4 years old. For the past twenty-one years, he has lived in the United States. He is the second oldest of four children. As a big brother, he always looked out for his younger siblings growing up. (Letters from his mother, Lilia Ramirez[1], and his sister, Lily Rosas, are attached as Exhibit "A").

Before moving to the U.S., Mr. Rosas' father was a police officer and like most little boys, Mr. Rosas wanted to be like his father. Growing up, Mr. Rosas became enamored of guns. He loved looking at them, shooting them, handling them, and learning about them. Although his parents divorced when he was twelve, Mr. Rosas remained close with both parents.

When he was just 16 years old, Mr. Rosas dropped out of high school. He moved to Florida where his dad lived and went to work to help financially support his mom and siblings.

Six years ago, Mr. Rosas moved to Georgia. He worked various jobs until he found employment as an automobile tire mechanic where he has been employed since 2013. (Letter from Jennifer Herrera, attached as Exhibit "B").[2] Mr.

---

[1] This letter was originally written in Spanish and was translated into English, for the Court's convenience.

[2] This letter was originally written in Spanish and was translated into English, for the Court's convenience.

3

Rosas is considered a valuable and skilled employee by this long-time employer. Id.

By all accounts, Mr. Rosas' friends describe him as a caring and giving young man who cared about people and went above and beyond to help others. (Letters from Brenda, Diana and Claudia Ayala, attached as Exhibit "C").

**c. 18 U.S.C. § 3553(a)(2)(B): the Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct.**

Three years is a long time. For someone like Miguel Rosas, who has never spent any time in jail, three years is especially significant. There is no parole in the federal system. As the Court is aware, Mr. Rosas' only other interactions with law enforcement are for driving without a valid license. During his incarceration, Mr. Rosas will be separated from his family and support system.

Long term, he faces a prison sentence that is significant to him. Despite having been approved for the DACA program in 2014, any hope of being able to remain in the U.S. was extinguished by Mr. Rosas' guilty plea in this case. He is now a convicted felon and will likely, never be able to obtain permission to return to this country. It is inevitable that, following his prison sentence, Mr. Rosas will be deported to Mexico. He is ashamed and remorseful about his actions and the consequences that his actions and incarceration will have on his family. He agonizes about his eventual deportation and the negative financial effects his conduct will have on his family.

This arrest and its consequences are more than enough deterrence to Mr. Rosas from committing any further crimes.  Mr. Rosas is a convicted felon, he will serve a significant prison sentence and will be deported.  A sentence of 36 months is more than adequate to meet the goal of deterring any future criminal conduct by Mr. Rosas.

### d.  18 U.S.C. § 3553(a)(2)(C): the Need for the Sentence Imposed to Protect the Public From Further Crimes of Mr. Rosas.

As stated above, a 36 month sentence is significant deterrence for a man like Mr. Rosas who before this case, had never spent a day in jail.  Mr. Rosas appreciates the seriousness of his actions.  He has lost his freedom and forfeited any chance of remaining in the United States.  In the future, it is inevitable that Mr. Rosas will be deported upon completion of his prison sentence and the public will not need further protection because Mr. Rosas (1) will not be physically present in the United States, and (2) will not be committing any crimes in the future.   He poses no risk of committing another criminal offense in the future.

### e. 18 U.S.C. § 3553(a)(3): the Kinds of Sentences Available.

A 36 month sentence is available to the Court.  This case is the only significant criminal offense Mr. Rosas has ever committed.  There is no mandatory minimum and supervised release is not statutorily required as part of the sentence. Moreover, while a term of supervised release of 1-3 years on each count of conviction is a "sentencing option" in this case, "[t]he court ordinarily should not

impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who will likely be deported after imprisonment." See U.S.S.G. § 5D1.1(c).  This is such a case and Mr. Rosas is requesting that the Court not impose a term of supervised release in this case.

### f.  18 U.S.C. § 3553(a)(4): the Sentencing Range Established By the Guidelines is Advisory.

The Sentencing Guidelines provide an advisory rather than a mandatory regime for determining sentences.  United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005) (citing United States v. Booker, 125 S. Ct. 738 (2005)).  The Sentencing Commission's guideline ranges are but generalizations.  United States v. Hunt, 459 F.3d 1180, 1184-85 (11th Cir. 2006).  The Court should consult the Guidelines, but the resulting range is but one factor that the Court must consider in arriving at a reasonable sentence.  Crawford, 407 F.3d at 1178-79.

Further, the district court "may not abdicate to the Sentencing Commission its obligation to consider the factors under § 3553(a)."  United States v. Santoya, 493 F. Supp.2d 1075, 1077 & n.4 (E.D. Wis. 2007).  In its consideration of the Section 3553(a) factors, the court may determine that the guideline sentence:

> [S]hould not apply, perhaps because (as the Guidelines themselves foresee) the case at hand falls outside the "heartland" to which the Commission intends individual Guidelines to apply, U.S.S.G. § 5K2.0, perhaps because the Guidelines sentence itself fails properly to reflect § 3553(a) considerations, or perhaps because the case warrants a different sentence

regardless.    See Rule 32(f).    Thus, the sentencing court subjects the defendant's sentence to the thorough adversarial testing contemplated by federal sentencing procedure.

Rita v. United States, 127 S. Ct. 2456, 2465 (2007) (emphasis added).

More so, the Eleventh Circuit and other courts of appeal have held that a sentence in the guideline range can produce an unreasonable result.  United States v. Hunt, 459 F.3d 1180, 1184 (11th Cir. 2006), ("There are, however, many instances where the guideline range will not yield a reasonable sentence"); United States v. Jimenez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006) (en banc); United States v. Lazenby, 439 F.3d 928 (8th Cir. 2006).  As the First Circuit explained in Jimenez-Beltre:

> [T]he guidelines are still generalizations that can point to outcomes that may appear unreasonable to sentencing judges in particular cases.  Some of the guidelines in particular cases were not reflections of existing practice but were deliberate deviations or turned tendencies into absolutes.  Others have been affected by directions from Congress. Booker's remedial solution makes it possible for courts to impose non-guideline sentences that override the guidelines, subject only to the ultimate requirement of reasonableness.

Jimenez-Beltre, 440 F.3d at 518 (citation omitted)(emphasis added).

Finally, after calculation of the custody range, it is within the Court's discretion to sentence within that guideline, or to impose a more severe or more lenient sentence than the applicable range, "provided the resulting sentence is reasonable in light of the § 3553(a) factors."  United States v. Shelton, 400 F.3d 1325, 1334 (11th Cir. 2005); See also United States v. Gall, 128 S. Ct. 586, 595 (2007).

Extraordinary circumstances are not required to justify an outside of the guideline sentence. Gall, 128 S. Ct. at 595.

While a sentence of 36 months is a substantial downward variance from the guideline range calculated in the PSR, it is a reasonable sentence that is justified by § 3553(a) considerations.

For these reasons, a 36 month sentence is an appropriate and just sentence under Title 18 U.S.C. § 3553 and Mr. Rosas respectfully requests that this Court impose a reasonable sentence of 36 months in this case.

DATED:      This 30th day of January, 2018.

Respectfully submitted,

/s/ Judy A. Fleming
JUDY A. FLEMING
GEORGIA STATE BAR NO. 431198
ATTORNEY FOR MR. ROSAS

Federal Defender Program, Inc.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530; (404) 688-7530 fax
Judy_Fleming@fd.org

8

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing Sentencing Memorandum and Request for Reasonable Sentence via electronic mail to the following attorney of record upon:

> Jennifer Keen, Asst, U.S. Attorney
> U.S. Attorney's Office-ATL
> 600 U.S. Courthouse
> 75 Ted Turner Drive, S.W.
> Atlanta, GA 30335

DATED:     This 30th day of January, 2018.

Respectfully submitted,

*/s/ Judy A. Fleming*
JUDY A. FLEMING
GEORGIA STATE BAR NO. 431198
ATTORNEY FOR MR. ROSAS

Federal Defender Program, Inc.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530; (404) 688-7530 fax
Judy_Fleming@fd.org